## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

**Richard W. Comerford**
     Plaintiff,

     Vs.                                                          **Civil Action No.**

**The U.S. Secretary of the Army**
     Defendant,

## COMPLAINT

### I.    INTRODUCTION

In 2004 the Army Board for the Correction of Military Record ("ABCMR") sent plaintiff

his purported discharge certificate from active duty (DD Form 214). However the

ABCMR unlawfully backdated the discharge certificate 10-years and issued it without

the authority of the Secretary of the Army ("Secretary"). The ABCMR advised plaintiff

that if he thought there were errors on his purported DD Form 214 that he should file

another application for correction to the Board -- his 9th application. However the

Secretary and the ABCMR refused to release to plaintiff the records and correspondence

the ABCMR used to prepare and issue Plaintiff's purported DD Form 214. The purpose

of this action is to compel the US Secretary to comply with his statutory obligations

under Section 1556, Title 10, United States Code which requires him to "ensure that an

applicant seeking corrective action by the Army Review Boards Agency...is provided

with a copy of all correspondence and communications (including summaries of verbal

communications) to or from the agency or board, or a member of the staff of the agency or board that pertain directly to the applicant's case or have a material effect on the applicant's case".

## II. JURISDICTION

This court possesses subject matter jurisdiction to entertain this action under Sections 701/702/703/704/705/706 of Title 5 of the United States Code - the Administrative Procedure Act ("APA"). This Court also possesses subject matter jurisdiction to entertain this matter under Section 1558 of Title 10 of the United States Code which authorizes judicial review of the actions of boards for the correction of military records. This Court further possesses subject matter jurisdiction under Section 552a, Title 5 of the United States Code – the Freedom of Information Act.

## III. PARTIES

1. Plaintiff: Richard W. Comerford is a United States citizen who resides at 9 Speedwell Lane, Plymouth, Massachusetts.

2. Defendant: The Secretary of the Army ("Secretary") is the civilian leader of the US Department of the Army with headquarters located at the Pentagon in Washington D.C. The Secretary's position is currently unfilled awaiting Congressional confirmation. The acting Secretary is Les Brownlee.

3

## IV. VENUE

Venue is properly in this court by virtue of plaintiff's residence in the District of

Massachusetts.

## V. FACTS

1. The Secretary entered plaintiff onto the active duty rolls of the US Army in 1975.

2. The Secretary removed plaintiff from the active duty rolls and entered him into
   the US Army Reserve in 1984.

3. The Secretary also recognized plaintiff as an officer in Massachusetts National
   Guard ("MANG") in 1984.

4. The Secretary further authorized the release of funds to place plaintiff on active
   Guard and Reserve ("AGR") duty in MANG in 1984.

5. AGR duty is federally funded full time National Guard duty.

6. Essentially soldiers on AGR duty are entitled to the same benefits as their active
   duty counterparts to include pay, promotion, medical care, due process for
   discharge and retirement.

7. The Secretary did not tell the US Congress that he had placed plaintiff on AGR
   duty nor did he count plaintiff into the active duty end strength authorized by
   Congress each year as he is required by law.

8. The Secretary in effect usurped Congress' authority under Section 8, Article I of
   the US Constitution to raise, fund and maintain an Army.

9. Instead the Secretary lied to Congress and falsely claimed that plaintiff was a part time member of the Reserve from 1984 to 2003.

10. In 1993 plaintiff was injured in the line of duty while on AGR duty rescuing a comrade in a cliff evacuation at Poet's Seat in Greenfield, Massachusetts..

11. Instead of admitting that plaintiff was on AGR duty the Secretary purported that plaintiff was a part time Reservist, not on AGR duty, and he unlawfully denied plaintiff entitled active duty benefits to include medical care rather than admit that he had lied to the US Congress.

12. When plaintiff appealed to the Inspector General ("IG") and his Member of Congress ("MC") for help the Secretary in reprisal falsely accused plaintiff of the purported theft of over $105,000.00 in federal funds.

13. The Secretary authorized pay for plaintiff only until 1996.

14. In 1996 the US Army Inspector General ("IG") found: 1) Plaintiff had been injured in the line of duty while on active duty; 2) Plaintiff had been improperly denied entitled medical care and pay in violation of regulation; 3) Plaintiff's had been improperly released from active duty in violation of regulation; 4) The line of duty investigation into plaintiff's injury had been improperly conducted and contained erroneous information[1].

15. The IG recommended that plaintiff be returned to active duty and that his case be referred to a medical evaluation board ("MEB").

16. On or about 1997 the medical duty review board ("MDRB") found: 1) Plaintiff had been injured in the line of duty in 1993; 2) Plaintiff had not been medically fit for duty since 1994; 3) Plaintiff was not medically fit for continued service; 4)

Plaintiff's case should be referred to a MEB with a probable follow-on referral to a physical evaluation board for medical retirement [2].

17. The Secretary ignored the recommendations of his IG and MDRB.

18. From 1996 to 2001 the Secretary refused to admit that plaintiff was on AGR duty and to either pay plaintiff his entitled active duty pay or to discharge him from active duty.

19. Without a discharge certificate plaintiff is a non-person in our society. He cannot collect retirement, VA or civilian employment benefits.

20. In 2001 the ABCMR found or concluded that plaintiff had served on AGR duty from 1984 and that he had been paid on a full time basis until 1996 [3].

21. In violation of Section 1556, Title 10, USC the ABCMR conducted ex parte communications in its consideration of plaintiff's application [3].

22. The ABCMR refused to address plaintiff's claims that he had never been discharged from AGR duty and that he had not been paid since 1996 [3].

23. The ABCMR also refused to recommend that the record be corrected and report to Conrgess that plaintiff had served on AGR duty [3].

24. In 2003 the Secretary informed plaintiff's MC that the criminal accusations against plaintiff had been withdrawn.

25. In 2004 the ABCMR sent plaintiff his purported DD Form 214.

26. However the purported DD Form 214 had been backdated 10-years and did not report plaintiff's AGR duty and did not authorize him to retire.

27. The Secretary, aided and abetted by the ABCMR, is still covering up the fact that he had lied to Conrgess, and continues to lie to Congress, about the Army's active

duty end strength. Plaintiff believes that he is one of approximately 20,000 soldiers who the Secretary placed on AGR duty without the knowledge and consent of the US Congress and paid with funds that had been appropriated by Congress for other purposes.

28. In response to inquiries from plaintiff's MC an ABCMR civilian employee informed plaintiff: "if you believe there are errors on the subject DD Form 214, I recommend you file an application for correction of military records".

29. Under Army Regulation the burden of proof for correction of a record rests on the soldier. Plaintiff cannot substantiate his claims for a proper and lawful DD Form 214 without a copy of the records and correspondence used by the ABCMR to prepare and issue his purported DD Form 214.

### VI Claim for Relief

WHEREFORE, plaintiff respectfully requests that this Honorable Court

(1) Issue a declaratory judgment that the defendant Secretary of the US Army acted unlawfully in failing to ensure that plaintiff was provided with a copy of all correspondence and communications to or from the ABCMR with entities or persons outside the ABCMR that pertained directly to plaintiff's case concerning his purported DD Form 214 or that had a material effect on plaintiff's case.

(2) Enter an injunction compelling defendant US Secretary of the Army to comply with the law and to provide plaintiff with a copy of all communications and

correspondence between the ABCMR and any entity or person outside the ABCMR
that pertain to plaintiff's case concerning his purported DD Form 214.

(3) Enter a judgment against the defendant for plaintiff's costs plus reasonable legal fees.

(4) Grant such other and further relief, as it deems just and meet.

Plaintiff respectfully requests trial by jury.

Respectfully submitted this 7th day of April 2004,

Richard W. Comerford Pro See
9 Speedwell Lane
Plymouth, Massachusetts 0236
(508) 888-0345

## Index of Documents

1. US Army IG Report 7 February 1996

2. MAAR-PER-SG Memo 27 April 1997

3. ABCMR Proceedings 15 November 2001

## Index of Statutes and Regulations Pertaining to AGR Duty

1. **Pay** (37 USC 204): Soldiers on AGR duty are entitled to active duty pay until
   they are discharged from active duty.

2. **AGR Authority**: [32 USC 502(f)]: Soldiers serve on AGR duty under Section
   502(f), Title 32, United States Code for organizing, administering, recruiting,
   instructing or training the National Guard.

3. **Active Duty End Strength** (10 USC 101/115): Pursuant to Sections 101 and 115,
   Title 10, United States Code and soldiers on AGR duty are: 1) counted into the

9

serve for 20 years and one month until they are eligible for retirement under 10

USC 3911; 4) discharged from AGR duty in the same manner as their Regular

Army counterparts are discharged from active duty.