UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JUN -7  P 3: 04

U.S. DISTRICT COURT
DISTRICT OF MASS.

**Richard W. Comerford**
Plaintiff,

Vs.

**The U.S. Secretary of the Army**
Defendant,

Civil Action No. 1:04-cv-10712

### Show Cause Response

Pursuant to the Court's order of 19 May 2004 plaintiff hereby shows good cause why dismissal ought not to take place on the grounds of res judicata for the following reasons:

- The issue has not been definitively settled by a judicial decision.

- The United States has not made an affirmative defense barring the same parties from litigating a second lawsuit on the same claim, or any other claim arising from the same transaction or series of transactions and that could have been – but were not – raised in the first suit.

The three essential elements in determining whether an issue has been adjudicated are: (1) an earlier decision on the issue; (2) a final judgment on the merits; and (3) the involvement of the same parties, or parties

### An earlier decision on the issue.

A judicial determination after consideration of the facts and the law has not been made on this issue.

### A final judgment on the merits

The Court has not made a final determination of the rights and obligations of the parties. It has not disposed of all issues in controversy. The Court has not made a final judgment on the elements or grounds of the claims or issues; the substantive considerations to be taken into account in deciding a case, as opposed to extraneous or technical points.

### The involvement of the same parties; or parties in privity with the original parties.

The above named defendant, U.S. Secretary of the Army, was not named as a defendant in plaintiff's previous action before this honorable Court. *See Comerford v US Department of Defense CA No. 99-11712/11671/11364- WGY as consolidated ("99-11712")*. However there is privity between the defendant in the instant action and the defendant in the above cited action.

### The issue in question in the instant action

Issue: Can the defendant U.S. Secretary of the Army lawfully withhold from the plaintiff the records and communications used by the staff of the Army Board for the Correction of Military Records ("ABCMR") to direct the issue of plaintiff's purported discharge certificate from active duty (DD Form 214)?

ABCMR: The ABCMR is a U.S. Department of the Army Board. The Board's members are civilians. The U.S. Secretary of the Army appoints the Board's members. The purpose of the Board is to receive an application from a soldier who requests corrections in his military record. The Board makes a recommendation to the US Secretary of the Army concerning said application. The Secretary may approve or disapprove said recommendation. *See Section 1552, Title 10 United States Code.*

DD Form 214: The DD Form 214 is the soldier's discharge certificate from active duty. A soldier may not be discharged from active duty until his DD Form 214 is ready for delivery to him. *See Section 1168, Title 10, United States Code.* Said form must be physically delivered to him at the separation point on the effective date of separation. *See Part 45, Title 32, C.F.R.*

Plaintiff's Purported DD Form 214: The purported DD Form 214 was issued to plaintiff by mail in 2003. The purported DD Form 214 purported that plaintiff had been discharged from active duty in 1994.

History: On or about October 2003 plaintiff's former military commander mailed the purported DD Form 214 to him. Said form purported that plaintiff had been discharged from active duty in 1994. On or about January 2004 the ABCMR staff advised plaintiff that it had directed the issue of plaintiff's purported discharge certificate from active duty (DD Form 214). Plaintiff contends that the staff exceeded its authority and acted without the authority of the Board or the Secretary of the Army. Plaintiff requested that the ABCMR staff withdraw his purported DD Form 214 from his record. The ABCMR staff advised plaintiff: "if you believe there are errors on the subject DD Form 214, I recommend you file an application for correction of military records". Plaintiff then lawfully requested that the ABCMR staff provide him with a copy of the record it used to direct the issue of plaintiff's purported DD Form 214 so that he could make an informed application. The ABCMR ignored plaintiff's lawful request. Plaintiff repeated his lawful request to the defendant US Secretary of the Army. The Secretary ignored plaintiff's lawful request. Plaintiff sent the Secretary a draft copy of the instant action and begged him to release the record. In response the ABCMR staff wrote back to plaintiff and invited him to sue.

### The issue in question has not been adjudicated

- This issue was not raised in action 99-11712.
- This issue was not raised in the 2001 ABCMR Proceedings.
- This issue was not raised in the purported settlement agreement in action 99 11712.

- This issue was not raised in this honorable Court's April 2002 final order in action 99-11712.
- This issue was not raised by plaintiff's purported attorney, Eric S, Maxwell, when pursuant to the above cited purported settlement agreement he petitioned the ABCMR in 2002 to reconsider its 2001 decision

### The issue in question was not an issue in action 99-11712

The point of dispute between the two parties in action 99-11712 was whether plaintiff was on active duty in the armed forces after 1984. The United States contended that plaintiff served on active duty from 1975 to 1984 whereupon he was honorably discharged. Plaintiff contended that he served on active duty from 1975 to 1984 whereupon he was honorably discharged but that he retuned to active duty in 1985 and continued to serve to the present. Neither party contended that plaintiff was discharged in 1994 or at any other time after 1984.

### Plaintiff's good faith efforts to resolve this issue short of litigation.

- Plaintiff wrote to his former commander, the ABCMR and the Secretary of the Army and requested a copy of the record in contention.

Marie Bell, Docket Clerk
United States District Court
United States Courthouse
1 Courthouse Way
Boston, Massachusetts 02210

4 June 2004

By Certified Mail

**RE: Comerford v. U.S. Secretary of the Army Civil Action Number 1:04-cv-10712**

Dear Ms. Bell:

Enclosed please find my show cause response pursuant to the Court's order of 19 May 2004.

Thank you for your attention to this mater.

Very truly yours;

Richard W. Comerford Pro Se
9 Speedwell Lane
Plymouth, Massachusetts 02360
(508) 888-0345

Encl.